**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gregory Banks, | 2:15-cv-00187-JAD-NJK |
| Plaintiff | **Order Screening Amended Complaint** |
| v. | **[ECF 1, 4, 5]** |
| James Cox, *et al.*, | |
| Defendants | |

Nevada state prisoner Gregory Banks brings this civil-rights action under 42 U.S.C. § 1983 for the allegedly inadequate medical treatment he received while in the custody of the Nevada Department of Corrections ("NDOC"). I screened Banks's original complaint under 28 U.S.C. § 1915A, found it failed to state any plausible claim, and dismissed it.[1] But I gave Banks leave to file an amended complaint to add facts to state a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs.[2] Banks filed an amended complaint and moves for it to be screened.[3] Having screened it, I find that Banks has stated only a plausible deliberate-indifference claim against doctors Sue, Sanchez, and Francis. All other claims are dismissed. Banks has until February 25, 2016, to file a second amended complaint if he can plead facts to support a claim against Williams and Cox under a supervisor-liability theory or a direct Eighth Amendment claim against Jones.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[4] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

---

[1] ECF 2.

[2] *Id.*

[3] ECF 4, 5.

[4] *See* 28 USC § 1915A(a).

1  fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who

2  is immune from monetary liability.[5]  To state a claim under § 1983, a plaintiff must allege two

3  essential elements: (1) the violation of a right secured by the Constitution or laws of the United

4  States, and (2) that the alleged violation was committed by a person acting under color of state law.[6]

5  However, *pro se* pleadings are liberally construed.[7]

6        Courts screening a complaint under § 1915 apply the same standards as when ruling on a

7  motion to dismiss under Federal Civil Rule or Procedure 12(b)(6): accepting all well-pled factual

8  allegations in the complaint as true,[8] and recognizing that legal conclusions are not entitled to the

9  assumption of truth,[9] the court determines whether the plaintiff has stated a plausible claim for

10  relief.[10]  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

11  amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the

12  complaint that the deficiencies could not be cured by amendment.[11]

13  **II.      SCREENING OF THE AMENDED COMPLAINT**

14        Banks sues several defendants for events that occurred while he was incarcerated at Nevada's

15  Southern Desert Correctional Center ("SDCC").[12]  He sues James Cox, Brian Williams, Dr.

16  Francisco Sanchez, Dr. Angie Jones, Dr. Sue, Dr. Francis,[13] and Does 1–10.[14]  Banks alleges one

17

18  [5] *See* 28 USC § 1915A(b)(1), (2).

19  [6] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

20  [7] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21  [8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

22  [9] *Id.*

23  [10] *Id.* at 679.

24  [11] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

25  [12] ECF 4 at 1.

26  [13] Banks does not include Dr. Francis in his list of defendants at the outset of his complaint, but Francis
27  is referenced in the allegations of the complaint. I therefore include Dr. Francis as a defendant for
   screening purposes.

28  [14] *Id.* at 2–5, 7.

count and seeks monetary damages and injunctive relief.[15]

**A.    Banks's Amended Complaint**

In his amended complaint, Banks alleges the following: On January 18, 2014, he sent a medical kite complaining of back pain and received no response.[16]  On January 26, 2014, he sent another kite for back pain and vomiting and again received no response.[17]  On February 16, 2014, Banks sent a third kite complaining of back pain and vomiting.[18]  A few weeks later, Banks was finally seen by Dr. Sue.  Banks explained that he suffered from severe back pain and vomiting whenever he ate the sack lunch.[19]  Dr. Sue did not examine Banks, take an x-ray, or give a diagnosis.[20]  He purportedly told Banks not to eat the meat and to live off bread alone.[21]  Dr. Sue also told Banks to sit at a table, not on the floor, and prescribed Ibuprofen for pain.[22]

On March 10, 2014, Banks kited medical again and complained that his symptoms were worsening.[23]  Banks then filed an informal grievance concerning his pain and treatment.[24]  Four days after Banks filed the grievance, on March 18, 2014, he was seen by Dr. Sue for headaches, nausea, hemorrhoids, and coughing up mucus.[25]  Dr. Sue said there was nothing he could do for Banks's ailments and prescribed Tums.[26]  Five days later, Banks kited medical and asked to be seen by a

---

[15] *Id.* at 14–15.

[16] ECF No. 4 at 6.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.*

[26] *Id.*

1   different doctor.  He was sent to see Dr. Sue a third time on April 4, 2014.[27]  Dr. Sue prescribed nasal

2   spray and Ibuprofen.[28]

3        On April 17, 2014, Banks was examined by defendant Dr. Francis for the same ailments.  Dr.

4   Francis (who also did not examine Banks) prescribed Ibuprofen.[29]  Banks's pain and suffering started

5   to cause him to walk hunched over, so he requested new shoes with an arch from administration and

6   medical.[30]  Dr. Sue denied the request for shoes and told Banks that his pain would go away as he got

7   closer to release.[31]  In mid-March 2014, Dr. Sanchez told Banks that the prison only allows the

8   physicians to treat one ailment at a time so that the prison can charge inmates for each kite they send

9   to medical.[32]

10       About nine months later, Dr. Sanchez finally ordered the x-ray that Banks requested.  The x-

11  ray was taken on January 8, 2015.[33]  Dr. Jones reviewed the x-ray with Banks a few weeks later and

12  told him that the x-ray showed deteriorating bone in his back, causing nerves and discs to be

13  pinched.  Dr. Jones explained that these injuries can cause severe pain and difficulty walking.[34]

14  Banks alleges that he has repeatedly and unsuccessfully sent kites asking for relief and that his pain

15  and difficulty walking are worsening.[35]  Banks's daily activities are now severely limited.[36]  When he

16  is not in his cell, the only place to sit is on the floor, which causes him pain.[37]  He also suffers

17

18  [27] *Id.*

19  [28] *Id.*

20  [29] *Id.*

21  [30] *Id.* at 7–8.

22  [31] *Id.* at 8.

23  [32] *Id.*

24  [33] *Id.*

25  [34] *Id.*

26  [35] *Id.*

27  [36] *Id.* at 9.

28  [37] *Id.*

4

1    extreme pain when standing for any length of time.[38]

2       **B.   Eighth Amendment - Deliberate Indifference**

3       The Eighth Amendment prohibits the imposition of cruel and unusual punishment and

4    "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[39]

5    A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the

6    serious medical needs of an inmate.[40]  "To establish an Eighth Amendment violation, a plaintiff must

7    satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and

8    unusual punishment—and a subjective standard—deliberate indifference."[41]

9       To establish the first prong, "the plaintiff must show a serious medical need by demonstrating

10   that failure to treat a prisoner's condition could result in further significant injury or the unnecessary

11   and wanton infliction of pain."[42]  To satisfy the deliberate-indifference prong, a plaintiff must show

12   "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

13   caused by the indifference."[43]  "Indifference may appear when prison officials deny, delay or

14   intentionally interfere with medical treatment, or it may be shown by the way in which prison

15   physicians provide medical care."[44]  When a prisoner alleges that delay of medical treatment evinces

16   deliberate indifference, the prisoner must show that the delay led to further injury.[45]

17      Banks has stated a colorable Eighth Amendment claim for deliberate indifference to his

18   serious medical needs against defendant-doctors Sue, Sanchez, and Francis.  He alleges that he

---

20   [38] *Id.*

21   [39] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

22   [40] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

23   [41] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

24   [42] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

25   [43] *Id.*

26   [44] *Id.* (internal quotations omitted).

27   [45] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that

28   "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.").

repeatedly complained and kited to medical about back pain, vomiting, and other ailments: he

requested medical care for nearly a year and only received Ibuprofen.  He was seen by doctors Sue,

Sanchez, and Francis during that time period.  And it was not until approximately one year later that

Banks finally received an x-ray that showed deteriorating bone in his back.  Banks also alleges that

his condition has worsened: he has increased difficulty walking and moving and suffers from

increasing pain.  This claim will proceed against defendants doctors Sue, Sanchez, and Francis.

Banks has not, however, stated an Eighth Amendment claim against defendant Dr. Jones.

The only allegation against Dr. Jones is that she explained the result of Banks's x-ray to him.  That

conduct does not give rise to a colorable deliberate-indifference claim.  This claim against Dr. Jones

is therefore dismissed without prejudice.  Banks will be permitted to amend his complaint to include

a deliberate-indifference claim against Dr. Jones if he can state true facts that show Dr. Jones denied,

delayed, or intentionally interfered with his medical treatment, causing him further injury.

## C.    Supervisory Liability

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation

by the defendant."[46]  "A supervisor is only liable for constitutional violations of his subordinates if

the supervisor participated in or directed the violations, or knew of the violations and failed to act to

prevent them."[47]  "A showing that a supervisor acted, or failed to act, in a manner that was

deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the

involvement—and the liability—of that supervisor."[48]

Banks fails to state a colorable supervisory-liability claim against defendants Williams and

Cox.  Supervisor defendants can only be liable for their own personal participation in an alleged

constitutional violation.  Banks makes no allegations to trigger supervisor liability here; he merely

alleges in a conclusory fashion that these defendants are "responsible to ensure all inmates have

---

[46] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[47] *Id.*; *see also Iqbal*, 556 U.S. at 676 (holding that, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[48] *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

1  ready access to report a medical illness or health problem without having to wait weeks to be seen."[49]

2   Accordingly, all claims against defendants Williams and Cox are dismissed without prejudice.

3      **D.     Leave to Amend**

4      Plaintiff is granted leave to file a second amended complaint if he can cure either or both of

5  the two deficiencies of the amended complaint that I have identified in this order: (1) the absence of

6  true facts that show Jones denied, delayed, or intentionally interfered with his medical treatment,

7  causing him further injury, and (2) the absence of true facts against Williams and Cox that show their

8  personal participation in the alleged constitutional violation.

9      If Banks chooses to file a second amended complaint he is advised that an amended

10 complaint supersedes the previous complaint and, thus, the amended complaint must be complete in

11 itself.[50]  Banks's second amended complaint must contain all claims, defendants, and factual

12 allegations that he wishes to pursue in this lawsuit.  Banks must file the second amended complaint

13 on this court's approved prisoner civil-rights form and it must be entitled "Second Amended

14 Complaint."

15     If Banks chooses to file a second amended complaint curing the deficiencies against

16 defendants Cox, Williams, and Dr. Jones outlined in this order, he has until **February 25, 2016**, to

17 file it.  If Banks chooses not to, this action will proceed against defendants doctors Sue, Sanchez, and

18 Francis only.

19                    **Conclusion**

20     Accordingly, IT IS HEREBY ORDERED that a decision on Banks's application to proceed

21 *in forma pauperis* **[ECF 1] is deferred**.

22     **IT IS FURTHER ORDERED that plaintiff's Eighth Amendment deliberate-**

23 **indifference claim proceeds against defendants doctors Sue, Sanchez, and Francis only.**

24

25 [49] ECF 4 at 10.

26 [50] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)
27 (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended
   pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)
28 (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in
   a subsequent amended complaint to preserve them for appeal).

**IT IS FURTHER ORDERED that all claims against defendants Dr. Jones, Williams, and Cox are DISMISSED without prejudice and with leave to amend.**  If plaintiff chooses to file a second amended complaint curing the deficiencies of his amended complaint outlined in this order, he must file it **by February 25, 2016;** and he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the form's caption.  If plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will proceed only against defendants doctors Sue, Sanchez, and Francis on the Eighth Amendment deliberate-indifference claim.

**IT IS FURTHER ORDERED** that plaintiff's motion requesting screening order **[ECF 5]** is **DENIED** as moot.

The Clerk of the Court is instructed to send plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his amended complaint **[ECF 4]**.

DATED: This 25th day of January, 2016.

_____
Jennifer Dorsey
United States District Judge