# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY BANKS, | Case No. 2:15-cv-00187-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| vs. | (Docket No. 31) |
| DR. SUE, et al., | |
| Defendant(s). | |

This is a prisoner civil rights case. Following the conclusion of the inmate early mediation process, the assigned deputy attorney general filed a notice that the Office of the Attorney General did not accept service on behalf of the remaining Defendants. Docket No. 18. As a result, the Clerk's Office terminated the deputy attorney general from the docket. On October 18, 2016, the Court issued an order aimed at identifying "Dr. Francis" so that he could be served. Docket No. 24 at 2. In particular, the Court ordered Plaintiff to meet-and-confer with the previously-assigned deputy attorney general in an effort to identify Dr. Francis. *Id.* The deputy attorney general's further involvement with this case was meant to be limited to resolving that particular issue. *Id.* at 3 (instructing the Clerk's Office to reactivate the deputy attorney general as attorney of record for Dr. Francis "pending resolution of the issues addressed herein"). That issue was resolved through the filing of a joint statement that Dr. Francis is the same person as Defendant Francisco Sanchez. Docket No. 30.

Now pending before the Court is a motion to quash service on Dr. Su filed by the deputy attorney general. Docket No. 31. The deputy attorney general has not filed a notice of appearance as attorney of

1 | record for Dr. Su.  Moreover, it is not clear from the motion to quash itself that the deputy attorney general represents Dr. Su or that the motion is being brought by Dr. Su.  Instead, it appears that the motion is being brought on behalf of the Office of the Attorney General and/or on behalf of the state.  *See* Docket No. 31 at 1; *see also* Docket No. 31 (docket text identifying the filing party as "Defendant State of Nevada").  It is not clear that either the Office of the Attorney General or the state has standing to challenge the service on Dr. Su.

In short, it is not clear which party is bringing the motion to quash and, to the extent the movant is not Dr. Su, it is not clear that standing exists to bring it.  Accordingly, the motion to quash service is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: December 15, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

2