UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gregory Banks,<br><br>　　　Plaintiff<br><br>v.<br><br>Brian Sandoval, et al.,<br><br>　　　Defendants | 2:15-cv-00187-JAD-NJK<br><br>**Order Denying Motion for Preliminary Injunction**<br><br>[ECF No. 26] |

In this § 1983 suit for deliberate indifference to serious medical needs, Nevada state prison inmate Gregory Banks seeks a mandatory injunction directing prison officials to provide more adequate medical treatment for his lower-back pain. Because Banks fails to show that he is entitled to the extraordinary remedy he seeks, I deny the motion.

**Discussion**

**A.　Standards for preliminary injunctive relief**

Injunctive relief is an "extraordinary remedy, never awarded as of right."[1] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[2] "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,'" and the other two factors are satisfied.[3] The Prison Litigation Reform Act

---

[1] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[2] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[3] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

(PLRA) requires prison litigants to satisfy additional requirements when seeking preliminary injunctive relief: the relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."[4] The PLRA also requires courts to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief."[5]

**B.     Banks's motion for preliminary injunction is denied.**

Banks's request for injunctive relief is premised on his sole claim for deliberate indifference to serious medical needs. I find that Banks has failed to demonstrate significant questions going to the merits of his medical-needs claim. Banks's own allegations and defendants' response indicate that Banks has received extensive testing and treatment for the complained-of lower back pain, but that Banks is dissatisfied with his diagnosis and treatment. Deliberate indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, medical malpractice, or even gross negligence are insufficient to establish deliberate indifference.[6] A mere difference of medical opinion likewise does not suffice;[7] a prisoner must instead show that the course of treatment chosen was medically unacceptable under the circumstances and taken in conscious disregard to his health.[8] Based on the record before me, it appears that Banks's claim is based on a difference of medical opinion, which is insufficient to prevail on a deliberate-indifference claim.

Banks makes no attempt to explain why the injunction he seeks is in the public interest or why the balance of equities tips in his favor. Additionally, Banks's request is not narrowly drawn as required by the PLRA. Indeed, he does not request any specific relief at all but generally complains

---

[4] 18 U.S.C. § 3626(a)(1)(C)(2)

[5] *Id.*

[6] *Conn v. City of Reno*, 591 F.3d 1081, 1081–82 (9th Cir. 2009) (vacated and remanded on other grounds by 131 S.Ct. 1812).

[7] *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[8] *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

that the medical screening and treatment he has received has been inadequate. And I must also give substantial weight to the severe burden that the broad injunction Banks proposes would place on the operation of the prison and its ability to manage its day-to-day affairs, including its contracts with inside and outside medical-treatment providers. Because Banks fails to show that he is entitled to injunctive relief, I deny his motion.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Banks's motion for preliminary injunction **[ECF No. 26] is DENIED.**

Dated this 9th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge